Royalty Corporation of America, a corporation v. Commissioner.
Royalty Corp. of America v. Commissioner
Docket No. 11058.
United States Tax Court
1947 Tax Ct. Memo LEXIS 166; 6 T.C.M. (CCH) 703; T.C.M. (RIA) 47170; June 25, 1947
*166 John H. Poe, (an officer), for the petitioner. E. G. Sievers, Esq., and John P. Higgins, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies of $17,130.23 and $428.59 in income tax and declared value excess-profits tax for 1941. The only issue for decision is whether he erred in disallowing a deduction of $59,685.75 claimed as a loss from the sale of three oil and gas royalty interests and offset against profits of $26,991.80 from other similar sales. Findings of Fact The petitioner is an Oklahoma corporation which filed its returns for 1941 with the collector of internal revenue for the district of Oklahoma. It has been engaged for many years in the business of investing in oil and gas royalty interests. The following table shows the name, year of acquisition, cost, selling price, and loss as to three oil and gas royalty interests in Pottawatomie County, Oklahoma, sold in 1941 by the petitioner: Selling
Name
Acquired
Cost
Price
Loss
Causey
1928
$15,000.00
$ 49,13
$14,950.87
Conn
1929
13,500.00
49.13
13,450.87
Colvin
1928
and
1929
31,410.75
126.74
31,284.01
$59,685.75
*167 The petitioner claimed a deduction in the amount of the loss shown above. The Commissioner disallowed it on the ground that the interests had become worthless in prior years. The interests in question had not become worthless in prior years. The sales in 1941 were bona fide and at arm's length. The petitioner sustained a loss of $59,685.75 in 1941 from the sales of the three interests. Opinion MURDOCK, Judge: The Commissioner determined that the cost of one interest was less than the petitioner claimed, but has now conceded that the petitioner's figure is correct. The Commissioner attempts to support his determination upon the ground, first, that the royalty interests became worthless prior to 1941 and, second, by his answer, that the 1941 sale was not bona fide. There was no prior charge-off. The Commissioner must reason that assets have a zero basis, even in the absence of a deduction or charge-off, after they have once become worthless, and if they subsequently acquire value which is realized, it is all taxable gain. The Commissioner has taken the position in other cases that no charge-off would be proper in the absence of final disposition. Cf. , *168 affirmed . The taxpayer is in a difficult spot. Still, his dilemma is not a sound reason for a failure to claim a deduction when an asset actually becomes worthless. The question of the value of oil and gas royalties is largely a matter of opinion. Opinions in evidence as to the continuing value of the royalties here in question differ. Some would apparently have deemed those here in question worthless in 1929 or would have concluded in 1929 that there would never be any commercially profitable production obtained from them. The petitioner, however, acting honestly in accordance with the best judgment of its officers and advisors, did not conclude that these particular royalties were worthless in 1929 or at any time. Cf. . Instead, the petitioner retained them as assets of some value on its books until it sold them in 1941 in a bona fide sale to a stranger for a $225 gross sales price. No ulterior purpose in doing this appears. The evidence shows that this action was not unreasonable. Here, where it does not appear that the royalties were ever clearly or actually worthless, the sale is a satisfactory *169 occasion upon which to base a deduction. Decision will be entered under Rule 50.